### J. M. HARRIS *et al.* v. STATE.

No. A-3115.  Opinion Filed November 23, 1918.

(175 Pac. 942.)

**INTOXICATING LIQUORS—Unlawful Possession—Evidence—Intent.**
In this case the court determines as a matter of law that the evidence as detailed in the opinion is insufficient to sustain the convictions.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

J. M. Harris and Carl Burton were convicted of a violation of the prohibitory law, and they appeal.    Reversed.

*Ed Crossland,* for plaintiffs in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The information in this case filed in the county court on the 7th day of February, 1917, charges that on the 16th day of October, 1916, in Tulsa county, J. M. Harris, Carl Burton, and C. D. Allmond did unlawfully have in their possession three one-half pints of whisky with the intent then and there on the part of the defendants and each of them to sell the same. It appears that the defendant Allmond was not arrested. Upon the trial of the defendants Harris and Burton, they were convicted. From the judgments rendered on the verdicts, they appeal.

The principal errors assigned are, in effect, that the verdicts are not supported by sufficient evidence, and that the court erred in admitting incompetent evidence.

The testimony of H. H. Townsend, assistant chief of police of Tulsa, is as follows:

"Q. Do you know the defendants, Mr. Townsend. A. Yes, sir. Q. Acquainted with them on the 16th day of October, 1916? A. Yes, sir. Q. Do you know where the Quality Drug Store was? A. 1513 West Second. Q. Do you know who ran that place. A. J. M. Harris.— Mr. Crossland: Object to that as a conclusion of the witness. The Court: Overruled. Mr. Crossland: Exception. Q. In what capacity was Carl Burton working in there, if you know? A. Clerk. Q. Did you see the defendants, J. M. Harris and Carl Burton, on the 16th day of October, 1916? A. Yes, sir. Q. That is, in Tulsa? A. Yes, sir. Q. That place? A. Yes, sir. Q. Now did you see anybody go into that place on that date? A. Yes, sir. Q. State who it was, and where he entered. A. Hasty messenger boy by the name of C. D. Allmond entered the front door. Q. C. D. Allmond; that is the

other defendant in this case? A. Yes. Q. What did you do when C. D. Allmond went in? A. I followed him in, a little ways behind him. Q. Where did he go when he went in there? A. Went back to the rear end of the front room. Q. In front of the prescription counter? A. Yes, sir. Q. And what was handed him, if anything? A. Carl Burton handed him a small package. Q. What did he do with the package Carl Burton handed him? A. Put it in his messenger bag. Q. What did you do then? A. Took it out and found it to be three half pints of whisky."

His cross-examination was, in part, as follows:

"Mr. Crossland: Q. You say this happened last October, on the 16th? A. Yes, sir. Q. And this information was not filed until February 7, 1917? A. That speaks for itself; I think that is the date. Q. It is a fact? A. If that is the date; yes, sir. Q. At the time you filed this information, I will ask whether you swore to a great many others; signed your name as prosecuting witness? A. I did. Q. Do you remember how many? A. I do not."

In our opinion there is not sufficient competent evidence to sustain the verdicts. There is no testimony to show intent to sell, and for this reason the court should have sustained a motion to direct a verdict of acquittal.

The judgments appealed from are therefore reversed.